# Exhibit A

# Commonwealth of Massachusetts

SUFFOLK, ss.                                     SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 CIVIL ACTION



No. 13 - 1315 G

Ayobami Yayo & others similarly situated, Plaintiff(s)

v.

Museum of Fine Arts & Sandra Moose, Defendant(s)

## SUMMONS

To the above-named Defendant: Museum of Fine Arts

You are hereby summoned and required to serve upon Law Offices of Neil Osborne, P.C. plaintiff's attorney, whose address is 44 School St Suite 515, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 8th day of April, in the year of our Lord two thousand 13.

A true copy Attest:
5-2-13  Deputy Sheriff Suffolk County

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                              SUPERIOR COURT
                                                                          Civil Action No.

AYOBAMI YAYO,                              )
on behalf of himself and all others        )
similarly situated,                        )
      Plaintiffs,                         )
                                           )           13-13156
v.                                         )
                                           )
MUSEUM OF FINE ARTS and                    )
SANDRA MOOSE                               )
      Defendants.                         )

## **PLAINTIFFS' COMPLAINT**

### I. NATURE OF ACTION

1. The named plaintiff commences this action to recover from the defendants earned compensation not paid which includes shift differential pay and overtime rate wages inaccurately calculated at less than one and half hour of regular hourly wage rate.

2. This is a Civil Action Complaint brought by the plaintiff jointly against the Museum of Fine Arts for failing to pay obligated shift differential wages and accurate overtime wages in violation of M. G.L. 151 et seq. and the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

3. The named plaintiff also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid obligated shift differential wages and accurate overtime wages and requests the court to certify these claims to proceed as a collective action.

1

## II. JURISDICTION PARTIES AND VENUE

4. The plaintiff Ayobami Yayo, resides at 51 Raldne Road, Hyde Park Massachusetts and is subject to the jurisdiction of this Court.

5. The defendant, Museum of Fine Arts is a business with a principle office located at 465 Huntington Avenue, Boston, Massachusetts 02115 and is subject to the jurisdiction of this Court.

6. The defendant, Sandra Moose, is the President of Museum of Fine Arts with a business address of 465 Huntington Avenue, Boston, Massachusetts 02115 and is subject to the jurisdiction of this Court.

## III. FACTUAL ALLEGATIONS

7. On or about January 9, 2008 the plaintiff began his employment with the defendant, the Museum of Fine Arts as a part-time Security Officer II a non-exempt position within the Protective Services Department.

8. When hired as a Security Officer II Mr. Yayo earned $13.72 per hour.

9. Approximately one and a half years after his initial hire Mr. Yayo earned a promotion to the position of Security Supervisor also a non-exempt position within the Protective Services Department and began working as a full-time employee.

10. At the time Mr. Yayo began working as a full-time employee he earned $17.25 per hour.

11. As a Security Supervisor Mr. Yayo worked a Wednesday – Sunday shift.

12. Mr. Yayo on Thursday, Friday and Saturday worked a day shift from 9 am – 5:30 pm, on Sunday 8:30 am – 5:00 pm and on Wednesday the evening shift starting at 4:00 pm.

13. The Museum established a wage policy paying non-exempt employees a shift differential of an additional 7% for work that begins on or after 3:00 pm. See attached as Exhibit A (Museum of Fine Arts Shift Differential Policy contained in Employee Handbook)

14. On a consistent and regular basis as a Security Supervisor Mr. Yayo would, when requested, work overtime hours in excess of 40 hours in a work week.

15. Mr. Yayo's overtime pay as a Security Supervisor failed to reflect one and half times his regular hourly rate because the Museum of Fine Art did not accurately calculate his regular rate to include the additional 7% earned for shift differential that he worked once a week.

16. During the calendar year 2011 approximately 16% of Mr. Yayo's gross pay accumulated from overtime hours worked.

17. During the calendar year 2012 until his termination approximately 21% of Mr. Yayo's gross pay accumulated from overtime hours worked.

18. Despite having a wage policy to pay a shift differential to its non-exempt employees the defendants failed to pay similarly situated employees for shift work that they were required to work at least once a week.

19. As a result of failing to pay earned shift differential pay the defendants then failed to accurately pay similarly situated employees overtime wages at one and half times the employees regular rate of pay.

20. In early September 2012 Mr. Yayo complained directly to his immediate supervisor Mr. McQuate that his pay did not include an additional earned shift differential for work starting after 3:00 pm on Wednesdays each week.

21. Mr. McQuate's response to Mr. Yayo was that he would look into the matter.

22. When Mr. Yayo did not receive a timely correction of the deficient pay he complained directly to defendants' Human Resources department.

23. Again Mr. Yayo was informed by a Ms. Lynn Hyams who works in the defendants' Human Resources department that they would look into the matter.

24. Within 30 days of Mr. Yayo registering his complaint over wage deficiencies with defendants' Human Resources department his employment was terminated.

25. Defendants failed to respond to Mr. Yayo complaint regarding his underpayment for shift differential work.

26. Defendants knowingly violated federal and state overtime compensation laws.

27. No bona fide dispute exists as to the fact that defendants were required to pay plaintiffs and similarly situated employees an accurate rate for overtime wages for all hours worked in excess of 40 hours in any given work week.

28. The wages defendants withheld from the plaintiff and similarly situated employees were not withheld as a result of a bona fide dispute.

29. The defendants by statute are required to maintain records which document the number of days and hours the plaintiff and similarly situated employees worked for defendants.

30. The exact number of overtime hours worked, and overtime wages owed, will only be known after discovery.

31. Defendants over the past three years have failed to pay similarly situated employees to the plaintiff, accurate overtime wages.

32. Defendant over the past three years have failed to pay similarly situated employees to the plaintiff a shift differential in compliance with its established shift differential policy.

33. No bona fide dispute exists to excuse the defendants from paying the plaintiff and similarly situated employees an accurate rate for overtime wages worked.

34. Defendants intentionally violated plaintiff and similarly situated employees' rights under the federal and state wage payment statutes and acted with malice.

35. The Attorney General for the state of Massachusetts on or about November 30, 2012 sent notice of authorization to file private suit against the Defendants on plaintiff, Ayobami Yayo's behalf and others similarly situated. See attached Exhibit B (Authorization for Immediate Private Suit).

## COUNT 1
### NON-PAYMENT OF WAGES FAIR LABOR STANDARDS ACT

36. Plaintiffs adopts by reference the allegations contained in paragraphs 1 – 35 of the complaint with the same effect as if herein fully set forth.

37. Defendants, jointly and severally failed to pay plaintiffs and similarly situated employees accurate overtime wages owed to them in violation of federal Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207 et seq.

Wherefore plaintiffs pray the court order:

38. Defendants, jointly and severally pay to plaintiffs and similarly situated employees an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

39. Defendants, jointly and severally pay to plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b) plaintiffs costs and reasonable attorney's fees.

## COUNT II
### NON-PAYMENT OF WAGES MASSACHUSETTS WAGE AND HOUR ACT

40. Plaintiffs adopts by reference the allegations contained in paragraphs 1 – 39 of the complaint with the same effect as if herein fully set forth.

41. Defendants, jointly and severally failed to pay plaintiffs and similarly situated employees overtime wages owed to them in violation of Wage and Hour Act M.G.L. 151 et seq.

Wherefore plaintiffs pray the court order:

42. Defendants, jointly and severally pay to plaintiffs and similarly situated employees the wages and accurate overtime wages owed to them.

43. Defendants, jointly and severally pay to plaintiffs and similarly situated employees plaintiffs costs and reasonable attorney's fees.

Any other relief that is just and equitable.

## COUNT III
### RETALIATION

44. Plaintiffs adopts by reference the allegations contained in paragraphs 1 – 43 of the complaint with the same effect as if herein fully set forth

6

45. Plaintiff availed himself of his Wage and Hour and Fair Labor Standard Act rights by making a demand for deficient payment for time worked.

46. Defendants, jointly and severally retaliated against the plaintiff for complaining about deficiency of payment for time worked in violation of federal Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

47. As a direct result of availing himself of his Wage and Hour and Fair Labor Standards Act rights Mr. Yayo's employment was unjustly terminated.

48. There is a causal connection between availing himself of his Wage and Hour rights and plaintiff's unjust termination shortly thereafter.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

Respectfully submitted
By Their Attorneys,

Neil Osborne
(BBO#567674)
Law Offices of Neil Osborne
44 School Street, Suite 515
Boston, MA 02108
(617) 482-1160 Phone
(617) 426-1617 Fax

Dated: April 8, 2013

# MUSEUM OF FINE ARTS

CR

# EMPLOYEE HANDBOOK



# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

**MARTHA COAKLEY**
**ATTORNEY GENERAL**

November 30, 2012

(617) 727-2200
www.mass.gov/ago

Atty. Neil Osborne
Law Offices of Neil Osborne, P.C.
44 School Street, Suite 515
Boston, MA 02108-4221

    Re: Private Right of Action – Ayobami Yayo

        Authorization for Immediate Private Suit – Museum of Fine Arts

Dear Atty. Osborne:

    Thank you for contacting the Office of the Attorney General's Fair Labor Division.

    This letter is to inform you that we carefully reviewed the complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

    Massachusetts General Laws, chapter 149, sec. 150 and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your clients' behalf and others similarly situated, and they may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

    Without making a judgment on the merits of the complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against the employer *as well as against the president, treasurer of the corporation and any officers or agents having the management of such corporation,* immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor Division
(617) 727-2200 extension 2336

BT/mm

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    SUPERIOR COURT
                                                                Civil Action No.

AYOBAMI YAYO,                          )
on behalf of himself and all others    )
similarly situated,                    )
          Plaintiffs,                  )
                                       )
v.                                     )
                                       )
MUSEUM OF FINE ARTS and                )
SANDRA MOOSE                           )
          Defendants.                  )

## STATEMENT OF DAMAGES

This is an action for damages and other relief arising out of the employment of the plaintiff Ayobami Yayo, by defendants Museum of Fine Arts and Sandra Moose President of the Museum. Mr. Yayo claims that defendants are in violation of both the Federal Labor Standard Act and state Minimum Fair Wage Act.

As of the filing of this complaint the plaintiff has suffered the following monetary damages*:

1) Named plaintiff unpaid overtime wages and differential shift work          3,500.00
2) Un-named plaintiffs (approx. 10) unpaid OT wages and differential shift work 35,000.00
3) Liquidated damages pursuant to FLSA equal to unpaid wages                 38,500.00

      TOTAL MINIMUM ESTIMATED DAMAGES          $77,000.00

* exact amount cannot be determined until after discovery of defendant payroll records.

                                              Respectfully submitted
                                              By Their Attorney,

                                              Neil Osborne (BBO#567674)
                                              Law Offices of Neil Osborne
                                              44 School Street, Suite 515
                                              Boston, MA 02108
                                              (617) 482-1160 Phone
                                              (617) 426-1617 Fax

Dated: April 8, 2013