# IMPORTANT NOTICE TO POTENTIAL COLLECTIVE MEMBERS OF PENDING FAIR LABOR STANDARDS ACT ACTION

**TO:** ALL CURRENT AND FORMER MUSEUM OF FINE ARTS ("MUSEUM") EMPLOYEES WHO WORKED AS A SECURITY SUPERVISOR FOR ANY LENGTH OF TIME DURING THE PERIOD FROM APRIL 8, 2010 UNTIL THE PRESENT.

**RE:** FAIR LABOR STANDARDS ACT LAWSUIT AGAINST MUSEUM OF FINE ARTS ALLEGING FAILURE TO PAY EARNED SHIFT DIFFERENTIAL AND UNDER CALCULATED OVERTIME WAGES TO SECURITY SUPERVISORS.

**FROM:** The Law Office of Neil Osborne
Neil Osborne, Esq.
One State Street, Suite 1500
Boston, MA 02109
Phone: 617-933-3855

## INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit alleging violations of the Fair Labor Standards Act ("FLSA") and to advise you of how your rights might be affected by this suit, and to instruct you on the procedure for participating in this suit should you choose to do so. This Notice informs you about your option to participate in the lawsuit, if you so desire, and the procedure for doing so. This Notice is for the sole purpose of determining the identity of persons who may wish to be involved in this case. *Although the Court has authorized the sending of this Notice, the Court expresses no opinion regarding the merits of Plaintiffs' claims or the Museum's liability. There is no assurance at this time that the Court will grant any relief in this case. By issuing this Notice, the Court is not suggesting that the Plaintiff will win or lose the case or that anybody will recover any damages.*

## DESCRIPTION OF THE LAWSUIT

Former employee, Ayobami Yayo, (the "named Plaintiff" or "Mr. Yayo") commenced suit in April 2013 against Museum of Fine Arts ("Defendant") and the matter is currently pending in federal District Court in Boston, Massachusetts. Mr. Yayo, a non-exempt employee who worked as a Security Supervisor, alleges that Defendant failed to accurately calculate and pay wages on days he worked a shift scheduled to begin after 3:00 pm entitling him to an additional payment of a shift differential on that day. Mr. Yayo further alleges that as a result of failing to pay a shift differential Defendant further failed to accurately pay overtime wages on the accurate regular weekly rate when he worked in excess of forty (40) hours in a work week. The case name is

1

Yayo on behalf of himself and all others similarly situated vs. Museum of Fine Arts, C.A. No. 1:13-CV-11318RGS.

The Museum denies the allegations in the Plaintiffs' lawsuit and is vigorously defending the litigation. The Museum, however, asserts that, upon realizing Security Supervisors did not receive shift differential for the 3:00 pm shift, it provided payment to current and former Security Supervisors who had worked the relevant shift (except for Plaintiff). To the extent that Plaintiffs or any other Security Supervisors allege that they are entitled to further payment, the Museum asserts that its policy of paying overtime for all hours worked over 8 in one day, which is not required by law, constitutes an overpayment that can be offset against any alleged underpayment, resulting in a *de minimis* or no FLSA violation.

## COMPOSITION OF THE COLLECTIVE

The named Plaintiff has filed this lawsuit on behalf of himself and all others similarly situated and who were employed by Defendant as a Security Supervisor at any time since April 8, 2010 to the present, who worked a shift starting after 3:00 pm and did not receive shift differential pay and who also worked more than 40 hours in any workweek in which they did not receive shift differential pay.

## YOUR RIGHT TO PARTICIPATE AS A PLAINTIFF

If you are or were employed as a Security Supervisor, by Museum of Fine Arts, since April 8, 2010 who worked a shift starting after 3:00 pm and did not receive shift differential pay and who also worked more than 40 hours in any workweek in which they did not receive shift differential pay this collective action lawsuit may affect your rights.

If you believe that you worked at least one shift that started at or after 3:00 pm and that the Museum failed to pay you 7% shift differential for such shift(s), you have the right to join this action as a plaintiff by mailing or faxing the attached Consent Form to Plaintiff's attorney at the address below, on or before [DATE – THIRTY DAYS AFTER MAILING].

> The Law Office of Neil Osborne
> Neil Osborne, Esq.
> One State Street, Suite 1500
> Boston, MA 02109
> Fax Number 617-933-3856

It is entirely your decision whether to join this lawsuit. You are not required to take any action unless you so desire. If you do not return the enclosed Consent Form on or before [30 Days after mailing], you will not be able to join this lawsuit.

## LEGAL EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

You are under no obligation to join this lawsuit. By doing nothing, you retain your legal rights to bring a separate suit against Museum of Fine Arts for unlawful failure to pay overtime. If you pursue your legal right yourself you have a limited amount of time to file your claim before your right expires called a statute of limitations. However, if money or benefits are later awarded in this case, you will not share in them.

If you choose to join this lawsuit, you will be bound by any ruling, judgment or award entered by the Court, whether favorable or unfavorable, or any Court approved settlement entered into by the Plaintiffs. Joining this lawsuit does not guarantee that you will receive a monetary award as a result of a judgment or settlement, and it also means that you may not be able to file another lawsuit regarding the disputed hours of work and amount of wages paid. While the lawsuit is proceeding, you may be required to participate in the lawsuit, by providing information and documents and responding to discovery requests, appearing for a deposition, and/or testifying in court.

If you return a Consent Form, you are agreeing to designate Ayobami Yayo as your agent to make decisions on your behalf concerning this lawsuit, the method and manner of conducting this lawsuit, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. In addition, your continued right to participate in this action will depend on a later decision by the Court that you and the Plaintiff are "similarly situated" in accordance with applicable laws and that it is appropriate for this case to proceed as a collective action.

## NO RETALIATION PERMITTED

Federal law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, if you are a current employee, the Museum is prohibited from terminating your employment or retaliating against you in any manner because you have exercised your rights under the FLSA to participate in this action.

## LEGAL REPRESENTATION

If you choose to join this case by returning a Consent Form, your interests will be represented by the Law Office of Neil Osborne:

The Law Office of Neil Osborne
Neil Osborne, Esq.
One State Street, Suite 1500
Boston, MA 02109

Plaintiffs' counsel has taken this case on a contingency basis. They may be entitled to receive attorney fees and costs from the Museum should there be a recovery or judgment in

Plaintiffs' favor. If there is a recovery, Plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. If there is no recovery or judgment in Plaintiffs' favor, Plaintiff's counsel will not seek any attorneys' fees from any of the Opt-in Plaintiffs and you will also not be liable to pay costs and fees if you have elected to join. The specific terms and conditions will be contained in a fee agreement separately entered into by Plaintiffs' counsel and you if you decide to participate in this case.

The Museum of Fine Arts is represented by the law firm of Proskauer Rose LLP, located at One International Place, 22nd Floor, Boston, MA 02110. Any questions for the Museum's counsel can be directed to Matthew Batastini, Esq., at (617) 526-9427 or via email at mbatastini@proskauer.com.

**PLEASE DO NOT CONTACT THE DISTRICT COURT WITH QUESTIONS REGARDING THIS PENDING LAWSUIT. THE COURT DOES NOT MAINTAIN THE PERSONNEL NECESSARY TO ADDRESS QUESTIONS RELATED TO THIS ACTION AND CANNOT PROVIDE YOU WITH LEGAL ADVICE. IF YOU HAVE A QUESTION, PLEASE CONTACT THE LAWYERS LISTED ON THE NOTICE.**

Dated: _____, 2014


*Attorneys for the Plaintiff and Members of the Collective Action*
The Law Office of Neil Osborne
Neil Osborne, Esq.
One State Street, Suite 1500
Boston, MA 02109
Telephone: (617) 933-3855
Email: attyosbn@gmail.com


*Attorneys for the Defendant Museum of Fine Arts*
Proskauer Rose LLP
Matthew Batastini, Esq.
One International Place, 22nd Floor
Boston, MA 02110
Telephone: (617) 526-9427
Email: mbatastini@proskauer.com

YOU MUST TIMELY RETURN THIS CONSENT FORM TO PARTICIPATE

## CONSENT FORM

### OPT-IN CONSENT FORM
Yayo v. Museum of Fine Arts et al
C.A. No. 1:13-CV-11318RGS

Complete and Mail to:

Law Office of Neil Osborne
One State Street, Suite 1500
Boston, MA 02109
Fax Number 617-933-3856

Name: _____
Address: _____
Telephone: _____(home)_____(cell)
E-Mail: _____

I hereby consent to join the lawsuit against the Museum of Fine Arts as a Party Plaintiff to assert claims for overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. I appoint Neil Osborne and the attorneys of the Law Office of Neil Osborne to act as my attorney in this matter.

Please circle the applicable answer concerning your employment as a Security Supervisor in the Museum's Protective Services Department from April 8, 2010 to present:

1. I worked as a Security Supervisor in the Museum's Protective Services Department for some period of time between April 8, 2010 and the present:

   YES   NO

2. I worked at least one shift starting at or after 3:00pm and did not receive 7% shift differential for such shift(s):

   YES   NO

Print Name: _____

Signature: _____   Date:_____